JS 44 (Rev. 06/17)    MAK    **CIVIL COVER SHEET**    19-cv-2368

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Erica Campbell
7315 N. 18th St.
Phila., PA 19126

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Howard K. Trubman, Esq. Employment Law Firm of Pennsylvania
1500 Market St., East Tower, 12th floor
Phila., PA 19102   215-206-5306

## DEFENDANTS
Living Branches
275 Dock Dr.
Lansdale, PA 19446-6232

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981 as amended, 28 U.S.C §1331
Brief description of cause:
Discharge and retaliation because of race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 05/23/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Howard K. Trubman, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MAY 31 2019

MAK   19cv2368

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7315 N. 18th St. Phila. Pa. 19126

Address of Defendant: 275 Dock Dr. Lansdale 19446

Place of Accident, Incident or Transaction: Lansdale PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/31/19   [signature: Howard Trubman]   Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Howard Trubman, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/23/09   Howard Trubman   2469
    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)   MAY 31 2019

MAK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Erica Campbell | : | CIVIL ACTION |
| v. | : | |
| Living Branches | : | NO. 19cv2368 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

| 5/23/2019 | Howard K. Trubman, Esq. | Erica Campbell |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-206-5306 | | htrubman@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 31 2019

$400

MAK

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Erica Campbell | : | CIVIL ACTION NO.  19cv2368 |
| 7315 N. 18th Street | : | |
| PHILADELPHIA, PA 19126 | : | JURY DEMANDED |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Living Branches | : | |
| 275 Dock Dr. | : | |
| Lansdale, PA 19446-6232 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### I. PARTIES

1. Plaintiff Erica Campbell is an individual who at all times material has lived at 7315 N. 18th Street, Philadelphia, PA 19126.
2. Plaintiff Erica Campbell is an African-American.
3. Defendant Living Branches is a Pennsylvania Nonprofit Corporation engaged in operating health care facilities in southeastern Pennsylvania.
4. Defendant Living Branches is an employer, within the meaning of 42 U.S.C. § 1981 as amended, and operates three health care facilities, one each in Hatfield, Souderton and Lansdale, Pennsylvania.

### II. JURISDICTION

5. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 1343 (3) and (4) and 42 U.S.C. § 1981, 1981 (a) and 1988.
6. On information and belief all misconduct occurred at the Defendant's facility located at Lansdale, PA, providing this Court with in personam jurisdiction over the Defendant, which conducts business in the Eastern District of Pennsylvania.

1

III. FACTS

    7. Defendant hired plaintiff in April 2017.

    8. Plaintiff worked at Defendant's Lansdale, PA facility.

    9. Plaintiff worked at Defendant's facility as a Certified Medical Technician.

    10. Plaintiff worked at the Lansdale, PA facility 40 hours a week.

    11. Plaintiff was compensated for her employment at approximately seventeen dollars per hour.

    12. Plaintiff received a Bachelor of Science in Health Care Administration in 2014.

    13. Plaintiff is presently pursuing a Bachelor of Science in Nursing and a Registered Nurse designation at Montgomery County College, Blue Bell, PA.

    14. While working for Defendant at its Lansdale facility, Plaintiff did not receive any disciplinary warnings.

IV. LEGAL

    15. While working at Defendant's Lansdale facility, Plaintiff applied to attend classes being offered toward the aim of becoming a Certified Nursing Assistant.

    16. Plaintiff was denied the opportunity to attend the classes for Certified Nursing Assistant.

    17. At the same time that Plaintiff was denied this opportunity, Defendant allowed two Caucasian individuals to attend Certified Nursing Assistant classes.

    18. On or about July 25, 2018 Plaintiff was removed from her position in the Medication Unit.

    19. On or about July 25, 2018 Plaintiff was replaced in the Medication Unit by a Caucasian individual.

    20. Plaintiff was offered no explanation for her removal from her position in the Medication Unit.

    21. Plaintiff was reassigned to the Dementia Unit.

22. Plaintiff had no experience or training in the care of dementia patients when she was removed from her position in the Medication Unit and assigned to the Dementia Unit.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1981

23. Removing Plaintiff from her position in the Medication Unit was an act of purposeful racial discrimination.
24. Plaintiff, as an African American, was in the protected class.
25. Plaintiff was qualified to work in the Medication Unit
26. Plaintiff suffered an adverse employment action because she was removed from a position for which she was qualified and placed in a position for which she was not qualified.
27. Plaintiff was replaced in the Medication Unit by a Caucasian individual.
28. Removing Plaintiff from the Medication Unit, replacing the Plaintiff by a Caucasian individual, and then assigning Plaintiff to a unit for which she had not experience and training constituted intentional racial discrimination, as well as disparate treatment.

Wherefore, Plaintiff prays that this Court grant an order in her favor and against the Defendant and award Plaintiff damages for:

   a) Monetary damages;
   b) Compensatory damages;
   c) Future pecuniary losses;
   d) Emotional pain;
   e) Mental anguish;
   f) Loss of enjoyment of the pleasures of life;
   g) Punitive damages.

## COUNT II
## RETALIATION

29. After being removed from her job in the Medication Unit, Plaintiff called the Director of Human Resources of Defendant and Plaintiff complained that her

3

removal from the Medication Unit, assigning her previous job to a Caucasian, and assigning Plaintiff to a job for which she had no training or experience was racially motivated.

30. During the course of Plaintiff's call to the Human Resources Department of the Defendant, Plaintiff was told that she was being insubordinate and that the call of Plaintiff protesting racial discrimination was a voluntary resignation.

31. Although Plaintiff did not resign from the employ of Defendant, on July 26, 2018 Defendant's Cunningham (Human Resources Generalist) informed Plaintiff that her employment with Defendant "has ended effective with July 26, 2018."

32. The termination of Plaintiff by Defendant because Defendant protested racial discrimination against her, was in retaliation for her complaint and in violation of 42 U.S.C. § 1981.

Wherefore, Plaintiff prays that this Court grant and order in her favor and against the Defendant and award Plaintiff damages for:

    a) Monetary damages;
    b) Compensatory damages;
    c) Future pecuniary losses;
    d) Emotional pain;
    e) Mental anguish;
    f) Loss of enjoyment of life;
    g) Punitive damages.

_5-30-19_
Date

_Howard K. Trubman_
Howard K. Trubman, Esq.

4